**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WATT EQUIPMENT, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LIMA REFINING COMPANY,<br><br>Defendant and Counterclaimant. | ) | Case No. 23-cv-00046-JZ-MTS |

**OPINION AND ORDER**

Before the Court is third party Karen Grimes' motion to quash an asset-hearing subpoena.[1] The judgment creditor has wholly failed to respond to Grimes' argument that the subpoena fails to follow the proper procedure for service, and the subpoena will be quashed.

**Background**

Counterclaimant Lima Refining Company ("Lima") has obtained a substantial money judgment against Counterclaim Defendant Watt Equipment, Inc. ("Watt Equipment"). (*See* Dkt. Nos. 76, 92, 93, 101, 104.) Following judgment, Lima issued a third-party subpoena, seeking to depose Karen Grimes ("Grimes") regarding the assets of Watts. (Dkt. No. 108-1.) Grimes acted as a bookkeeper for Watt Equipment until May 2026—after the judgment was entered in this case. (Dkt. No. 108 at 2; Dkt. No. 113 at 1.[2]) Grimes is also the daughter of Bryan Watt, the owner of Watt Equipment, and was

[1] The motion was automatically referred to the undersigned as the "duty magistrate judge" for "garnishment, asset and writ of execution issues." *See* LCvR 72-1(b)(2).

[2] Page numbers refer to those in the court-provided header.

involved in the procurement of the equipment that formed the basis of the parties' underlying dispute. (Dkt. No. 108 at 2; Dkt. No. 113 at 5, 10–11.)

Grimes' attorney initially asked Lima to release Grimes from the subpoena, (1) asserting she was no longer affiliated with Watts Equipment, lacked personal knowledge of its property, and had no access to the types of documents Lima was seeking; and (2) arguing that the state asset hearing statute, Okla. Stat. tit. 12, § 842(B)(2), only allowed subpoenas of a judgment debtor. (Dkt. No. 108-2.)

Lima did not withdraw the subpoena, and Grimes moved to quash. (Dkt. No. 108.) In her motion to quash, Grimes no longer argues that section 842(B)(2) only allows the subpoena of a judgment debtor. Instead, Grimes asserts the subpoena is invalid because (1) it disregarded the service requirements of Okla. Stat. tit. 12, § 2004.1 (*id.* at 4–5); and (2) it imposed an undue burden on a non-party (*id.* at 5–6.)

**Analysis**

After judgment and in aid of execution, a judgment creditor may obtain discovery from any person as provided in the federal rules or the rules of the state where the court is located. Fed. R. Civ. P. 69(a)(2). The federal rules also provide that "the procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). Here, Lima has proceeded under Oklahoma's asset hearing statute, Okla. Stat. tit. 12, § 842. Section 842 provides two slightly different procedures for subpoenaing a person to appear and answer concerning a judgment debtor's assets—one for the "judgment debtor" and another for "any person."

| | **§ 842(B)(1)** | **§ 842(B)(2)** |
|---|---|---|
| Person Subpoenaed: | judgment debtor | any person |
| How Subpoenaed: | pursuant to Section 2004.1 of this title | pursuant to Section 2004.1 of this title |
| Where: | to appear at any place in the county in which the judgment, order, or decree was rendered, or the judgment debtor's county of residence | to appear at any place in the county where the person is located, or where service may otherwise be had on the person |
| To Do What: | to answer concerning the judgment debtor's property, income, or liabilities, or to produce documents concerning the debtor's property, income, or liabilities | to answer concerning the judgment debtor's property, income, or liabilities, or to produce documents concerning the judgment debtor's property, income, or liabilities |
| Additional Terms: | The judgment debtor shall not be entitled to an attendance fee or mileage | [none] |

Lima issued its third-party subpoena to Grimes under subsection (B)(2). (See Dkt. No. 108-1 at 1.) Were Grimes still asserting her argument that section 842 only allows subpoenas of the judgment debtor, the Court would reject it. The statute explicitly allows subpoenas of judgment debtors under subsection (B)(1) and subpoenas of other persons under subsection (B)(2).

The Court also rejects Grimes' argument that she is not a proper party to be subpoenaed. Her experience as the bookkeeper for Watt Equipment makes her an ideal person to answer regarding its property, income, assets, and liabilities—particularly where all parties appear to agree that the company has been evading service. (Dkt. No. 113 at 4; Dkt. No. 114 at 2.) The statute allows Lima to subpoena "any person," Okla. Stat. tit. 12, § 842(B)(2), subject to its responsibility to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena," Okla. Stat. tit.

12, § 2004.1(C)(1).[3] Lima has acted reasonably, and Grimes has provided no information indicating that she would suffer an undue burden if she had to comply with the subpoena.

But Grimes has also asserted that the subpoena failed to comply with the "How Subpoenaed" requirements listed above. Under section 2004.1, service of a subpoena "shall be made by delivering or mailing a copy thereof to such person and, if the person's attendance is demanded, by tendering to that person the fees for one (1) day's attendance and the mileage allowed by law." Okla. Stat. tit. 12, § 2004.1(B)(1). The subpoena demands Grimes' appearance. (Dkt. No. 108-1 at 1.) Grimes claims Lima did not tender the witness fee and mileage. (Dkt. No. 108 at 4.) Lima does not dispute this assertion; Lima does not dispute such tender was required for service to be effective; and Lima does not argue that this objection has been waived. Because the Court must accept Grimes' undisputed version of events, it must find that the subpoena did not comply with state law.[4] The subpoena will be quashed. Grimes has provided no basis for her request for attorney fees and expenses, and such request will be denied.

IT IS THEREFORE ORDERED that *Non-Party Karen Grimes's Motion to Quash Subpoena, for Protective Relief, and for Award of Attorney Fee and Expenses* (Dkt. No. 108) is GRANTED IN PART and DENIED IN PART. The *Subpoena to Appear and*

---

[3] The requirement to avoid undue burden also avoids Grimes' parade of horribles. (Dkt. No. 114 at 3.) Counsel's third-grade teacher remains safe.

[4] Grimes also argues that Lima improperly failed to serve the subpoena on the other party and failed to provide the statutory objection language under section 2004.1(B)(1). This is not correct. Party service is required only if the subpoena commands the production of documents or things "before trial." Okla. Stat. tit. 12, § 2004(B)(1). The objection language is required only if the subpoena commands production "but does not require attendance of a witness . . . ." *Id.*

*Answer Concerning Property, Assets, Income and Liabilities of Judgment Debtor* (Dkt. No. 108-1) is QUASHED. All other relief sought by the motion is DENIED.

ORDERED this 13th day of October, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT